UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE-CLAUDE SVALDI,

   Plaintiff,

v.                                          Case No. 8:25-cv-783-KKM-NHA

ELS EDUCATIONAL SERVICES, INC.,
VINCENT POWELL, CHRIS NOLAN,
and CURT UEHLEIN,

   Defendants.
_____

## ORDER

Defendant ELS Educational Services, Inc. moves under Federal Rule of Civil Procedure 60(b) for relief from the order remanding this case to state court. Mot. to Recons. (MTR) (Doc. 14). Because I lack jurisdiction, that motion is denied.

ELS removed this action from Florida state court with its codefendants' consent. Notice of Removal (Doc. 1) ¶¶ 1–3, 54; *see* 28 U.S.C. §§ 1441(a), 1446. In the Notice of Removal, it claimed that federal subject-matter jurisdiction existed because the natural persons party to the action resided in different states. Notice of Removal ¶¶ 6–13. The plaintiff's state-court complaint likewise alleged only the

residence of the natural persons in this case—not their citizenship. Compl. (Doc. 1-5) ¶¶ 1, 3–5.

I ordered the defendants "to show cause . . . why this case should not be remanded for lack of subject matter jurisdiction." (Doc. 4). In particular, I observed that the defendants needed to "explain why the parties are completely diverse," noting that "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Id.* (quoting *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)). ELS responded to that order with a short brief that centered on this statement:

> Upon information and belief, Plaintiff is a citizen of Pasco County, Florida. . . . Upon information and belief, Defendant Vincent Powell is a citizen of Los Angeles County, California. Upon information and belief, Defendant Chris Nolan is a citizen of Vancouver, Canada. Lastly, upon information and belief, Defendant Curt Uehlein is a citizen of Riverside, California.

Resp. (Doc. 11) at 1–2. ELS did not introduce evidence of the natural parties' citizenships, nor did ELS amend its notice of removal. *See id.* After concluding that this statement was inadequate to establish subject-matter jurisdiction over this action, I remanded the case to Florida state court. Remand Order (Doc. 12).

2

ELS moves for relief from that order under Federal Rule of Civil Procedure 60(b). MTR.

Rule 60(b)(1) allows a court to set aside a final judgment because of a "mistake." That includes legal mistakes. *See Kemp v. United States*, 596 U.S. 528, 535 (2022) ("[A]s currently written, 'mistake' in Rule 60(b)(1) includes legal errors made by judges."). Ordinarily, though, a federal court lacks jurisdiction to reconsider a remand order when that order was based on a lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(d); *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202–03 (11th Cir. 2011).

ELS contends that it was legal error to remand this case for lack of subject-matter jurisdiction, citing *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294 (11th Cir. 2009). MTR at 6–7. And it argues that because the remand was really for a procedural defect in the notice of removal, not for a lack of subject-matter jurisdiction, I have jurisdiction to reconsider the remand. *Id.* at 5–6. That is incorrect.

The remand order here was based on a lack of subject-matter jurisdiction, unlike in *Artjen*. In that case, the Eleventh Circuit held that a district court erred by sua sponte remanding a case based on a defect in the subject-matter jurisdiction

allegation in the notice of removal. 561 F.3d at 1297–98. More precisely, the district court erred by sua sponte remanding the case without giving the defendant the opportunity to cure the pleading defect. *Id.* at 1297–98; *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). *Artjen* thus stands for the proposition that remand is based on a pleading error alone, not subject-matter jurisdiction, if the district court does not give the removing party the opportunity to either amend or prove that subject-matter jurisdiction exists. And the *Artjen* Court concluded that it—and thus presumably a district court—had jurisdiction to review the remand order because it was really based on a procedural defect, not a lack of subject-matter jurisdiction. *See* 561 F.3d at 1297–98.

Because the parties here had an opportunity to address subject-matter jurisdiction, *Artjen* does not control. After identifying a defective jurisdictional allegation that raised the possibility of a lack of subject-matter jurisdiction, I put the removing parties on notice and gave them two weeks to address the issue. *See* (Doc. 4) ("The defendants are directed to show cause . . . why this case should not be remanded for lack of subject matter jurisdiction."). The defendants might have satisfied the show-cause order by (1) explaining why the allegations in the notice of

4

removal and the complaint were sufficient to "unambiguously establish federal jurisdiction," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007), (2) agreeing that their allegations were deficient and amending their notice of removal, *see Greene v. Sw. Airlines Co.*, No. 8:10-CV-1552-T-26EAJ, 2010 WL 11629192, at *1 (M.D. Fla. Aug. 10, 2010); *Crawford v. Fargo Mfg. Co.*, 341 F. Supp. 762, 763 (M.D. Fla. 1972), or (3) providing evidence that subject-matter jurisdiction existed, *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772–73 (11th Cir. 2010).

ELS did none of these things. Instead, it filed a two-page brief stating that, "[u]pon information and belief," the parties are completely diverse. Resp. at 1–2. But a party may not amend a notice of removal through a brief, *cf. Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022), nor are statements in a brief evidence, *Travaglio*, 735 F.3d at 1269.

The defendants accordingly failed to provide the court a basis for exercising subject-matter jurisdiction over the case, either through an adequate notice of removal or through facts showing that jurisdiction existed. *See McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021) ("A federal court has an independent duty to ensure that it has subject-matter jurisdiction."). Remand for

lack of subject-matter jurisdiction—not for a procedural defect in the notice of removal—was therefore proper. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[A]ll doubts about jurisdiction should be resolved in favor of remand." (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999))). And because I remanded this case for lack of subject-matter jurisdiction, I lack jurisdiction to consider this motion. 28 U.S.C. § 1447(d); *Artjen*, 561 F.3d at 1296 ("[A] remand order based on subject matter jurisdiction is not reviewable."). I likewise lack jurisdiction to consider the ELS's request for leave to amend its notice of removal or to review its new evidence. *See* MTR at 7–8.

Accordingly, ELS's Motion to Reconsider (Doc. 14) is **DENIED**.

**ORDERED** in Tampa, Florida, on May 6, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge